UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | Criminal No. 12-20612 |
| Plaintiff, | Honorable Bernard A. Friedman |
| -vs- | Offense: 18 U.S.C. § 666(a)(1)(B) |
| D-1 Everett Seay, | Maximum Penalty: 10 years |
| Defendant. / | Maximum Fine: $250,000 |

# RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant and the government agree as follows:

**1. Guilty Plea**

**A. Count(s) of Conviction**

Defendant will enter a plea of guilty to **Count Two** of the Indictment, which charges the defendant with soliciting and accepting bribes.

**B. Elements of Offense(s)**

The elements of Count Two are:

1. The defendant, as an agent of a local government, corruptly received something of value from another person;

2. In receiving that item of value, that agent intended to be influenced or rewarded in connection with business or transactions of the local government valued at $5,000 or more; and

3. The local government received more than $10,000 under federal programs involving grants and other forms of federal assistance during the year that began on the first day of the offense.

C. **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

During the years 2008-2009 defendant Everett Seay was an elected councilman in the City of Pontiac. The City of Pontiac received more than $10,000 in federal financial assistance between July 1, 2008, and June 30, 2009.

Beginning in May, 2008, in Oakland County, Michigan, defendant Everett Seay met repeatedly with a "J.B.," a person who purported to be a drug dealer from Chicago, who was seeking the assistance of members

of the Pontiac City Council to obtain a "regulated use" ordinance to enable the purported drug dealer to open a business to buy and sell gold in the City of Pontiac for the purpose of laundering what purported to be the proceeds of illegal drug sales. During several of these meetings the defendant solicited and accepted bribe payments from J.B., in connection with the Pontiac city business that J.B. was attempting to influence:

    a. $200 on about July 30, 2008;

    b. $1000 on about August 22, 2008;

    c. $1600 on about October 3, 2008;

    d. $2000 on about October 17, 2008;

    e. $6000 on about November 9, 2008.

Defendant Seay intended to be influenced by these payments. The Pontiac city business and transactions that were the subject of these payments had a value of more than $5,000.

## 2. Sentencing Guidelines

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B. Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **37-46 months**, as set forth on the attached worksheets. If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than , the higher guideline range becomes the agreed range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a

repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

### C. Relevant Conduct

The relevant conduct in this case includes the following:

In addition to the bribe payments listed in paragraph 1C, above, the defendant solicited and accepted an additional bribe payment of $15,000 in December, 2009, after the "regulated use" ordinance was passed by the Pontiac city council.

### 3. Sentence

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

### A. Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

### B. Supervised Release

A term of supervised release follows the term of imprisonment. The Court **must** impose a term of supervised release on Count Two of no less than **two years**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that might result from any later revocation of supervised release.

### C. Special Assessment

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D. Fine

There is no agreement as to fines.

### E. Restitution

Restitution is not applicable to this case.

### F. Forfeiture

As part of this agreement, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(3) and Title 28, United States Code, Section 2461, defendant agrees to forfeit his interest in any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of violations of Title 18, United States Code, Sections 371 and/or 666(a)(1)(B).

Such property includes, but is not limited to, a money judgment in the amount of Ten Thousand Eight Hundred Dollars ($10,800) in U.S. Currency, and all traceable interest and proceeds, which amount represents the proceeds of the aforementioned offenses or is traceable to such property.

In entering into this agreement with respect to forfeiture, defendant expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

Defendant further knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

### 4. Other Charges

If the Court accepts this agreement, the government will dismiss all remaining charges in this case.

### 5. Right to Withdraw from this Agreement

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

### 6. Waiver of Appeal

Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to

appeal the sentence, but retains its right to appeal any sentence below that range.

### 7. Consequences of Withdrawing Guilty Plea or Vacating Conviction

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8. **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9. **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in

writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 10. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on February 15, 2013.** The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

Barbara L. McQuade
United States Attorney

_____
David Gardey
Deputy Chief, Public
Corruption Unit

Sheldon N. Light
Assistant United States Attorney

Date: 3/26/2013

      By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____      _____
Richard H. Morgan, Jr.                   Everett Seay
Attorney for Defendant               Defendant

Date: